UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC MENDIS, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BMW OF NORTH AMERICA LLC, *et al.*,<br><br>                    Defendants. | Case No. C22-922-MLP<br><br>ORDER |

This matter is before the Court on the parties' fifth stipulated motion to extend discovery-related deadlines. (Dkt. # 36; *see* dkt. ## 16, 18, 30, 32.) In granting the previous motion, the Court expressly warned: "***No further extensions will be granted absent exceptional circumstances.***" (Dkt. # 35 at 3 (emphasis in original).)

The parties now request an extension because "additional discovery issues are believed to be outstanding." (Dkt. # 36 at 1.) The parties seek to push the discovery motions deadline from January 21, 2025, to February 24, 2025[1]; the discovery deadline from February 24, 2025, to March 17, 2025; and the dispositive motions deadline from March 3, 2025, to March 24, 2025. (*Id.* at 3.)

---

[1] The stipulated motion lists these dates as occurring in 2024, which the Court assumes is a typographical error.

ORDER - 1

A motion for relief from a deadline should be filed "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline" except in cases of "a true, unforeseen emergency[.]" Local Civil Rule ("LCR") 7(j). A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).

The parties submitted the current extension request one business day before the deadline for discovery motions, allowing insufficient time for the Court to rule on it. (*See* dkt. ## 33, 36.) In addition, the parties fail to show good cause for the extension under the Local Rules. Most egregiously, the parties fail to account for how their proposed continuance would affect the remaining deadlines in the case. If dispositive motions are filed March 24, 2025, they will not be ripe for the Court's consideration until April 21, 2025. *See* LCR 7(d)(4). Motions *in limine* are due on April 7, 2025, however, and an agreed pretrial order is due on April 21, 2025. (*See* dkt. # 33 at 2.) This sequence would force the parties to submit these filings without knowing the results of dispositive motions, which are intended to narrow the issues for trial. Moreover, trial briefs, exhibits, proposed findings and conclusions, and deposition designations are due on April 28, 2025. (*Id.*) It is highly unlikely the Court could rule on any substantive dispositive motion in such a compressed timeframe, particularly considering the fact that trial is scheduled for May 12, 2025. (*Id.*; *see* LCR 7(b)(5) ("All motions will be decided as soon as practicable, and normally within thirty days following the noting date.").) Consequently, the dispositive motions would be unable to achieve their purpose of narrowing or clarifying the issues for trial.

ORDER - 2

Because the parties failed to comply with the Local Rules and did not account for the effect of their proposed continuance on later deadlines, the Court DENIES the motion for continuance (dkt. # 36).

Dated this 21st day of January, 2025.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3