UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC MENDIS, *et al.*,

Plaintiffs,

v.

BMW OF NORTH AMERICA LLC, *et al.*,

Defendants.

Case No. C22-922-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant BMW of North America, LLC's ("Defendant" or "BMW NA") Corrected Motion to Seal. (Mot. (dkt. # 142).) Plaintiff Eric Mendis ("Plaintiff" or "Mr. Mendis") filed an opposition (Resp. (dkt. # 147)),[1] and Defendant filed a reply (Reply (dkt. # 150)). Plaintiff filed a surreply requesting the Court strike Defendant's entire Reply. (Surreply (dkt. # 151).)

Having considered the parties' briefing, the governing law, and the balance of the record, the Court GRANTS Defendant's Motion (dkt. # 142). The Court DENIES the request to strike in

[1] Plaintiff's Response was filed late and Plaintiff moved for an extension of time the next day. (Dkt. # 149.) Plaintiff is reminded to meet and confer before filing a motion as required by the Court's Chambers Procedures. The extension was unopposed (*see* dkt. # 154) and, accordingly, Plaintiff's Motion to Extend the Response Deadline (dkt. # 149) is GRANTED.

Plaintiff's Surreply (dkt. # 151) because it fails to identify any new argument Defendant raised in its Reply. Citing additional case law in a reply to support an argument previously raised in a motion is not improper. Plaintiff's Surreply (dkt. # 151) is STRICKEN because it provides argument on the substance of Defendant's Motion and thus is not "strictly limited to addressing the request to strike." Local Rules W.D. Wash. LCR ("LCR") 7(g)(2).

## II. BACKGROUND

Plaintiff filed the instant action in June 2022, alleging that a defect in the wireless charger in his 2019 BMW X5 vehicle caused his iPhone to overheat. (Dkt. # 1-1.) After a period of discovery, Defendant moved for summary judgment and to exclude reports by Plaintiff's expert, Edwin Hernandez Mondragon, Ph.D. (Dkt. ## 51, 54.)

With his opposition, Plaintiff submitted a declaration from his counsel, Boris Davidovskiy. (Davidovskiy Decl. (dkt. # 114 at 1-11).) Mr. Davidovskiy attached to his declaration customer complaints related to phones overheating that had been produced by Defendant in discovery. (*See id.*, ¶ 10, Ex. 8 (dkt. # 114 at 324-66).) The complaints related to vehicles of the same model Plaintiff purchased—2019 X5—as well as two other models, 2020 X5 and 2019 X3. (*See id.*; Wallace Decl. (dkt. # 123), ¶ 3.) In ruling on summary judgment, the Court concluded the complaints were not relevant because Plaintiff failed to show that they involved the same type of wireless charger as in his vehicle. (Dkt. # 126 at 7-8.)

Plaintiff also submitted a declaration by Dr. Hernandez. (Hernandez Decl. (dkt. # 113).) The Court struck the declaration as an attempt to add new expert opinions long after the deadline had passed and noted that, even if considered, the new opinions would not change the Court's analysis on summary judgment. (Dkt. # 126 at 8 n. 4.)

Shortly after Plaintiff filed his opposition and accompanying declarations, Defendant moved to seal the customer complaints as well as portions of Plaintiff's opposition brief, Mr. Davidovskiy's declaration, and Dr. Hernandez's declaration that quote, display, describe, or characterize the customer complaints. (*See* dkt. # 122; Mot.)

The Court granted Defendant's motion for summary judgment and dismissed the action. (Dkt. # 126.) The Court found that Dr. Hernandez's expert reports, even if accepted, did not provide evidence of a defect in the wireless charger and, accordingly, denied as moot the motion to exclude his testimony. (*Id.* at 2, 8-11.) Plaintiff has appealed the decision. (Dkt. # 135.) Although this case is closed, Defendant's Motion to Seal remains pending. (Mot.)

## III. DISCUSSION

### A. Legal Standards for Motion to Seal

There is a strong presumption in favor of public access to judicial records and documents. As the Ninth Circuit explained in *Kamakana v. City & Cty. of Honolulu*, "judicial records are public documents almost by definition, and the public is entitled to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

To rebut this presumption of public access, a party must file a motion that includes a "specific statement of the applicable legal standard and the reasons for keeping a document under seal[.]" LCR 5(g)(3)(B). Where documents accompany a motion that is "more than tangentially related to the merits of the case," such as a dispositive motion, there must be a

compelling reason to seal the documents. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).

Under the "compelling reason" standard, the party seeking to seal judicial records bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal citations and quotation marks omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179.

**B. Improper Purpose**

Defendant contends the challenged documents should be sealed because Plaintiff filed them for the improper purpose of seeking to avoid summary judgment based on a false factual dispute. Specifically, Defendant argues Dr. Hernandez's declaration, Plaintiff's brief, and Plaintiff's counsel's declaration contain inarguably false statements grievously mischaracterizing the customer complaints. (Mot. at 10-13.) Defendant further argues that counsel's declaration, by attaching all customer complaints produced despite failing to mention most of them in his briefing, demonstrates the improper purpose of reputational harm. (*Id.* at 10.) In addition, Defendant maintains that the narratives contained in the customer complaints disclose competitively sensitive internal resolution practices. (*Id.*) Plaintiff contends his use of the complaints was proper and in good faith. (Resp. at 10.)

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal,

circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978); citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

*1. Dr. Hernandez's Declaration*

Dr. Hernandez reviewed the customer complaints and concluded that they "describe the same core issue: the wireless charging pad in various BMW models—including the BMW X5—causes overheating of iPhones during ordinary use[.]" (Hernandez Decl., ¶ 32.) Defendant contends Dr. Hernandez mischaracterized the customer complaints by concluding they uniformly related to (1) wireless chargers of the same type installed in Plaintiff's vehicle and (2) iPhones. (Mot. at 4-7, 10.) Plaintiff contends Defendant fails to show that Dr. Hernandez's assertions were false. (Resp. at 15.)

The Court find Dr. Hernandez's conclusions were not supported by the evidence he cited. For example, Dr. Hernandez concluded that the same wireless charger was installed in all three BMW models referenced in the customer complaints, based solely on a non-BMW website selling replacement wireless chargers. (Hernandez Decl., ¶ 33, n. 1[2].) An unrelated seller's statement on an unverified website stating that one part could be installed in several vehicle models is not evidence that the manufacturer installed the same part in all those vehicle models. Plaintiff argues that Defendant offers no evidence showing the different models used different chargers (Resp. at 15), but Defendant provided evidence on summary judgment that even

[2] Dr. Hernandez cited a website URL, but Plaintiff did not make the website part of the record before the Court. (*See* Hernandez Decl., ¶ 33, n. 1 (citing https://emg.parts/product/bmw-oem-wireless-charger-wch-189-g30-g31-f90-m5-g32-9107447/).) "A hyperlink reference is extraneous to any filed document and is not part of the Court's record." U.S. Dist. Ct., W.D. Wash., Electronic Filing Procedures at 8 (as amended, 3/26/25). Dr. Hernandez's declaration is dated July 14, 2025, and the Court notes that the website, viewed in October 2025, already contains different information from the screenshot Defendant provided in its July 28, 2025 filing. (*See* dkt. # 122 at 6.)

vehicles of the same model manufactured a few months apart have different wireless chargers installed. (*See* Cook Decl. (dkt. # 119), ¶ 2.)

After concluding the customer complaints all involved the same wireless charger, Dr. Hernandez opined that all the complaints "collectively and consistently" describe "overheating of iPhones[.]" (Hernandez Decl., ¶ 32.) Only a small minority of complaints identify an iPhone, however. (*See* Wallace Decl., ¶ 7; Davidovskiy Decl., Ex. 8.) Plaintiff states it is "false" that any complaints pertain to non-iPhone devices because all of the complaints either refer to an iPhone or do not specify the phone type. (Resp. at 12-13.) Not specifying a phone type does not mean that it must be an iPhone. Plaintiff fails to demonstrate any reasonable basis for concluding that all or most of the complaints relate to iPhones.

*2. Plaintiff's Counsel's Declaration*

Mr. Davidovskiy stated in a declaration that the customer complaints that "BMW NA [produced] reveal highly damaging admissions—namely, that BMW itself repeatedly diagnosed the wireless chargers as defective, replaced them for numerous other customers, and acknowledged the overheating condition as abnormal." (Davidovskiy Decl., ¶ 20.)

Defendant contends that characterizing the complaints as its "admissions" that the charger is "defective" constitutes intentional, improper mischaracterization. (Mot. at 7.) Plaintiff contends that Mr. Davidovskiy's declaration "distinguishes between 'BMW NA' (the Defendant) and 'BMW' as the general dealer network" and thus did not identify the complaints as Defendant's admissions. (Resp. at 11.) Plaintiff also argues, in contradiction to his first argument, that dealers could be agents of a manufacturer. (*Id.* at 11-12.) On reply, Defendant contends that the "contrived distinction between 'BMW NA' and 'BMW' underscores his bad

faith" and that Plaintiff made no showing that Defendant exercised sufficient control that the dealers could be considered agents. (Reply at 5.)

There is no dispute that the content of the customer complaints is created by third party dealerships, not Defendant. (*See* Mot. at 7; Holguin Decl. (dkt. # 73), ¶ 10.) It is not clear how Defendant could make "admissions" of other entities' knowledge or actions, nor how evidence of other entities' knowledge or actions could assist Plaintiff in opposing summary judgment. Mr. Davidovskiy's language blurred the distinction between Defendant and other BMW-related entities, and he indicates he chose the language intentionally. Plaintiff argues in the alternative that third party dealerships could be considered agents of a manufacturer, if there is a factual showing that the manufacturer exerts sufficient control. (Resp. at 11-12.) Plaintiff does not appear to suggest or offer any evidence that Defendant exercised the requisite control here, however. Accordingly, the Court concludes that the characterization of the complaints as an "admission" by Defendant was misleading.

*3. Plaintiff's Briefing Opposing Summary Judgment*

Like Dr. Hernandez's declaration, Plaintiff's briefing in opposition to summary judgment concludes that the customer complaints relate to the same type of wireless charger found in Mr. Mendis' vehicle and show that it was defective. (Dkt. # 110 at 22-23.) The opposition brief cites no evidence other than the complaints. (*Id.*) Nothing in the complaints indicates that all addressed the same type of wireless charger as that found in Mr. Mendis' vehicle.

*4. Customer Complaints*

Aside from characterizing the complaints as a whole as discussed above, Plaintiff's opposition brief cited to only one of the 129 complaints. (Dkt. # 110 at 6.) Defendant contends

Plaintiff attached all 129 of the complaints to give the impression of a widespread defect without any factual basis. (Mot. at 14.)

Plaintiff argues that "[i]rrelevant documents would not be discoverable and should not have been produced." (Resp. at 12.) Relevance is generally not finally determined at the discovery stage; here, the issue came before the Court on a motion for summary judgment. Particularly under the circumstances here, when Defendant produced the complaints only after the Court so ordered, Plaintiff's argument is unfounded.

**C. Balance of Interests**

Under the stringent compelling reasons standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. *Ctr. for Auto Safety*, 809 F.3d at 1096. "The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097. Under LCR 5(g)(3)(B), the Court should consider (i) "the legitimate private or public interest that warrant the relief sought;" (ii) "the injury that will result if the relief sought is not granted;" and (iii) "why a less restrictive alternative to the relief sought is not sufficient."

The Court finds that Defendant has made a strong showing that each of the challenged documents was submitted for the improper purpose of defeating summary judgment without a valid factual basis. Accordingly, the Court assesses the balance of public and private interests.

Defendant identifies legitimate interests in preventing future litigation, reputational harm, and competitive injury based on false statements made in this litigation. (*See* Mot. at 4, 12.) Plaintiff argues any harms are speculative. (Resp. at 7.) The Court disagrees. In particular, a sworn expert declaration claiming to have found evidence of a widespread defect—based on

false premises—is poised to harm Defendant if it remains publicly available. Plaintiff's opposition brief and Mr. Davidovskiy's declaration build on the same false premise. Defendant need not wait for harm to occur before seeking protection.

On the other side of the scale is Plaintiff's interest and the public interest in understanding and evaluating judicial processes. Plaintiff does not address the Court's balancing task and has not identified any personal interest. Plaintiff notes that "revealing hazards" is in the public interest (Resp. at 8), but falsely claiming a hazard is not. As Plaintiff notes (*id.* at 7), "embarrassment, incrimination, or exposure to further litigation will not, *without more*, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (emphasis added). Here, Defendant has shown more: that such reputational harm and exposure to litigation are based on false premises perpetuated by Plaintiff.

Regarding the public's general interest in the judicial process, the weight given to the presumption of access is greater for documents that play a role in determining litigants' substantive rights. *Ctr. for Auto Safety*, 809 F.3d at 1099. The public has a lesser interest in materials that "play no role in the adjudication process." *Id.* at 1100. Defendant cites a Washington Supreme Court case holding that, under Washington state court rules, "[i]f a party attaches to a motion something that is both irrelevant to the motion and confidential to another party, the court should seal it." *Rufer v. Abbott Lab'ys*, 154 Wn.2d 530, 547 (Wash. 2005). "When there is indeed little or no relevant relationship between the document and the motion, the court, in balancing the competing interests of the parties and the public . . . , would find that there are little or no valid interests of the party attaching the document to its motion or of the public with respect to disclosure of the document." *Id.* at 547-48.

The Court finds this logic persuasive. While Plaintiff had an interest in defeating summary judgment, achieving his goal based on false statements was not a legitimate interest. And the public's interest in understanding the judicial process involved in ruling on summary judgment is not well served by keeping irrelevant and false information available. In balancing the harms articulated by Defendant against Plaintiff's and the public's interest, the Court concludes Defendant has shown compelling reasons to seal the challenged materials that outweigh public policies favoring disclosure.

Finally, the Court must consider less restrictive alternatives. LCR 5(g)(3)(B). The only exhibit Defendant seeks to seal in its entirety is the collection of customer complaints. (Davidovskiy Decl., Ex. 8.) Defendant seeks to redact only limited portions of Plaintiff's summary judgment opposition brief and Mr. Davidovskiy's declaration. Further, Defendant has provided redacted versions of each document. (Dkt. ## 132-34.) The Court finds Defendant's redactions constitute the least restrictive alternative that appropriately protects Defendant's legitimate interests. Accordingly, the Court grants Defendant's Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's Motion to Extend the Response Deadline (dkt. # 149) is GRANTED.

(2) Defendant's Corrected Motion to Seal (dkt. # 142) is GRANTED.

(3) The Clerk is directed to maintain Mr. Davidovskiy's declaration with exhibits (dkt. # 114) under seal. The document Defendant submitted (dkt. # 134) shall remain on the docket as the publicly available redacted version of Mr. Davidovskiy's declaration and exhibits.

(4) The Clerk is directed to seal Dr. Hernandez's declaration (dkt. # 113) and Plaintiff's opposition brief on summary judgment (dkt. # 110). The redacted versions Defendant submitted (dkt. ## 132-33) shall remain on the docket.

(5) The request to strike in Plaintiff's Surreply is DENIED and the Surreply is STRICKEN. (Dkt. # 151.)

Dated this 28th day of October, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge